**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **AMY MALDONADO** <br> 5789 Ladues End Court <br> Fairfax, VA 22030 <br><br> Plaintiff, <br><br> v. <br><br> **LOGLOGIC, INC.** <br> 3061-B Zanker Rd <br> San Jose, CA 95134 <br> Defendant, <br> Serve: <br> CSC -  LAWYERS INCORPORATING SERVICE <br> P.O. Box 526036 <br> Sacramento, CA 95852 | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **COMPLAINT**

1. Amy Maldonado brings this action for injunctive relief and damages based on the denial of her rights under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991 (hereafter "Title VII") and the Pregnancy Discrimination Act. LogLogic, Inc. (hereafter "the Defendant" or "LogLogic") and/or its agents acting on its behalf, subjected Ms. Maldonado to sex discrimination by terminating her after she announced her pregnancy. Discrimination on the basis of pregnancy, childbirth, or related medical conditions constitutes unlawful sex discrimination under Title VII, § 2000e (k).

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1343(a)(3), and 1343(a)(4) and 42 U.S.C. § 2000e-5.

3. Pursuant to 28 U.S.C. § 1391(e) and 42 U.S.C. § 2000e-5(f)(3), venue is proper in the District of Columbia because the claims asserted herein arose in the District of Columbia which is also the location of the acts relevant to the claims asserted by Ms. Maldonado.

## PARTIES

4. Amy Maldonado (hereafter "Ms. Maldonado" or "Plaintiff Maldonado") was the Director of Federal Sales nationwide and her territory included federal government agencies in Washington, D.C. Ms. Maldonado has over fifteen (15) years of High Tech sales experience of which more than (10) years is focused on Enterprise Security. Ms. Maldonado has consistently closed millions of dollars in revenue for the various companies where she has worked. One of her most notable successes is the fact that, prior to LogLogic, she was able to close a multi-million dollar deal with an intelligence agency of the federal government during the first quarter of the federal spending year which was quite an accomplishment given that federal agencies generally do not have funds allocated in the first quarter of their fiscal year.

5. LogLogic is a company incorporated in Delaware with more than 100 employees and is headquartered in San Jose, California. It has employees located throughout the United States and Washington, D.C.

6. Alan Hahn (hereafter "Mr. Hahn") is not a defendant in the lawsuit but was Ms.

Maldonado's immediate supervisor and the discriminating official. Mr. Hahn is the Vice President of Sales for LogLogic.

## FACTS

7. The averments set forth in paragraphs 1 through 6 are adopted and incorporated herein by reference.

8. On or about December 1, 2004, Ms. Maldonado began working for LogLogic as the Director for Federal Sales. She was the only female on the North America sales team.

9. Ms. Maldonado was hired to develop and establish LogLogic's business with the federal government and she was the first salesperson assigned this market. Despite being a new territory for LogLogic, Ms. Maldonado was nonetheless able to close a contract with the United States Postal Service after 60 days on the job.

10. On or about the middle of September 2005, Ms. Maldonado advised Mr. Hahn, her supervisor, of her pregnancy. She also requested a few hours off during the last week of September to visit her physician for an ultrasound. Ms. Maldonado was hesitant to make this request as the company policy did not allow sales representatives any time off during the last month of any quarter of the year.

11. On or about October 6, 2005, just a week after Ms. Maldonado's doctor's appointment, Mr. Hahn issued a Performance Improvement Plan (hereafter "PIP"). In the PIP, he required Ms. Maldonado to close $100,000 in business for the month of October, November and December. He also acknowledged that Ms. Maldonado would most likely close over a million dollars in sales by 2005 year-end.

12. On or about October 10, 2005, Ms. Maldonado responded to Mr. Hahn's Performance Improvement Plan. She expressed her surprise at receiving the PIP given the fact that she had previously discussed her pregnancy with him.

13. In early October 2005, Ms. Maldonado acquired $150,000 in business from J.P. Morgan Chase. In an effort to prevent her from meeting her year-end quota, Mr. Hahn would not allow the new business to be applied towards Ms. Maldonado's sales quota. Moreover, Mr. Hahn refused to pay Ms. Maldonado the commission she had earned from this new account.

14. On or about November 2, 2005, Mr. Hahn informed Ms. Maldonado that she would need to deliver $200,000 in sales during the month of November or she would be terminated.

15. On or about November 4, 2005, Mr. Hahn terminated Ms. Maldonado based on his biased and stereotypical notion that, as a pregnant woman, Ms. Maldonado would not be as productive as her male counterparts.

16. As of October 25, 2005, Ms. Maldonado acquired a $500,000 purchase order from the U.S. Department of Energy, as she had indicated in her sales forecast for the year. The transaction was not finalized until after Mr. Hahn terminated Ms. Maldonado. Had this business been properly credited to Ms. Maldonado, or if Mr. Hahn had allowed her sufficient time for this business to be credited, she would have easily met her sales quota.

17. After Ms. Maldonado was terminated, Mr. Hahn gave the Southeast salesperson, Kevin Greenwood, all of the business Ms. Maldonado had generated in her pipeline. As a result, a male salesperson was eventually paid commission on the

sales initiated by Ms. Maldonado prior to her termination.

18. Later, LogLogic assigned Fabricio Fermin to Ms. Maldonado's position as Federal Sales Director. Mr. Fermin had been an engineer with LogLogic and not a salesperson. He had provided Ms. Maldonado with technical support while she was employed with the company. As such, Mr. Fermin had no previous sales experience and acted only as a technical resource for Ms. Maldonado. He also eventually received commission for work originally initiated by Ms. Maldonado.

19. In addition, Ms. Maldonado was treated differently than her male colleagues. By way of example, LogLogic failed to terminate a similarly situated, male salesperson in New York who had not closed any business as of October 2005.

20. Further, Ms. Maldonado did not have a Sales Engineer (SE) resource until the end of June 2005. All of the other male salespersons had a dedicated SE since at least January 2005. As a consequence, Ms. Maldonado always had to 'borrow' the technical resources of other sales representatives to move her business along. These 'borrowed' SEs were less willing to support Ms. Maldonado because they had to travel to her territory and they were paid only a small portion of the commission when the business closed since it was not their assigned territory. Mr. Hahn had oversight over the hiring of all sales engineers.

**EXHAUSTION OF REMEDIES**

21. Ms. Maldonado exhausted all administrative requirements that apply to the processing of her Complaint, including the filing of a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission.

## STATEMENT OF CLAIMS

**COUNT I:**   Sex Discrimination in Violation of Title VII:

22. Plaintiff re-alleges paragraphs 1-21 and incorporates them fully herein.

23. Title VII prohibits employers from discriminating against its employees on the basis of sex. Moreover, discrimination on the basis of pregnancy, childbirth, or related medical conditions constitutes unlawful sex discrimination under Title VII.

24. Plaintiff alleges that Defendant and/or agents or employees acting on its behalf, subjected her to discrimination based on her sex. Plaintiff further alleges that these acts and practices violate Title VII.

25. Plaintiff also alleges that as a direct and proximate result of the intentional acts of Defendant and/or agents or employees acting on its behalf, Plaintiff has suffered grievous harm to her career and continues to suffer such harm. These injuries and losses include, but are not limited to, loss of employment, loss of past salary, benefits and entitlements, loss of future salary, benefits and entitlements and loss of professional status.

26. As a direct and proximate result of the intentional acts of Defendant and/or agents or employees acting on its behalf, Plaintiff has suffered emotional distress, humiliation, pain and anguish, as well as damage to her professional career and reputation.

27. As a consequence of Defendant's actions, Defendant is liable to Plaintiff for those damages as well as for attorneys' fees, the costs of this litigation, and accrued interest.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff respectfully requests this Court to:

A.  Enter judgment for Plaintiff against Defendant on all Counts.

B.  Declare that the conduct of Defendant is in violation of Title VII of the Civil Rights Act of 1964, as amended;

C.  Award Plaintiff equitable relief, such as back pay, front pay, future losses, loss of benefits, and other economic losses and entitlements retroactive to the date of the unlawful action found to have occurred in this case;

D.  Award Plaintiff compensatory damages for the injuries and losses that she suffered in an amount to be proved at trial;

E.  Award Plaintiff punitive damages for the injuries and losses that she suffered in an amount to be proved at trial;

F.  Order Defendant to pay all reasonable attorneys' fees, court costs, and expenses incurred by Plaintiff as a result of Defendant's actions and inactions, as well as pre-judgment and post-judgment interest; and

G.  Order such other equitable and legal relief as the Court deems necessary and appropriate.

## JURY DEMAND

Plaintiff requests a trial by a jury of her peers as to all claims set forth in this Complaint.

Dated: January 11, 2007

Respectfully submitted,

_____
Camilla C. McKinney, Esq.
DC Bar No. 448776
Law Offices of Camilla C. McKinney, PLLC
1100 Fifteenth Street, N.W., Suite 300
Washington, D.C. 20005
(202) 861-2934 (telephone)
(202) 517-9111 (facsimile)
*Attorney for Plaintiff Amy Maldonado*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

AMY MALDONADO
5789 Ladues End Court
Fairfax, VA 22030

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Camilla C. McKinney, Esq
Law Offices of Camilla C. McKinney, PLLC
1100 Fifteenth Street, NW,
Suite 300
Washington, D.C. 20005

## DEFENDANTS

LOGLOGIC, INC.
3061-B Zanker Road
San Jose, Ca 95134

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

CASE NUMBER   1:07CV00066
JUDGE: Royce C. Lamberth
DECK TYPE: Employment Discrimination
DATE STAMP: 01/12/2007

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(1)

| ○ G. *Habeas Corpus/ 2255* | ◉ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 1-12-07   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.