UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| AMY MALDONADO, | |
| PLAINTIFF, | |
| v. | Case No.:  1:07CV00066 (RCL) |
| LOGLOGIC, INC., | |
| DEFENDANT. | |

**AMENDED COMPLAINT**

COMES NOW the Plaintiff, Amy Maldonado, by and through her under-signed counsel, and sues the Defendant, LogLogic, Inc., and for her cause of action, declares and avers as follows:

**PRELIMINARY STATEMENT**

1.      Amy Maldonado brings this action for injunctive relief and damages based on the denial of her rights under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991 (hereafter "Title VII") and the Pregnancy Discrimination Act. LogLogic, Inc. (hereafter "the Defendant" or "LogLogic") and/or its agents acting on its behalf, subjected Ms. Maldonado to sex discrimination by terminating her after she announced her pregnancy. Discrimination on the basis of pregnancy, childbirth, or related medical conditions constitutes unlawful sex discrimination under Title VII, § 2000e (k).

2.      Amy Maldonado bring this action also for damages based on the failure to pay commissions under the  D.C. Code §32-1301 *et seq*.  and breach of contract.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

3.    Ms. Maldonado exhausted all administrative requirements that apply to the processing of her Complaint, including the filing of a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission.

## JURISDICTION

4.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1343(a)(3), and 1343(a)(4) and 42 U.S.C. § 2000e-5.

5.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the amount specified in 28 U.S.C. § 1332.

6.    The Court has jurisdiction over this matter pursuant to D.C. Code §32-1308.

## VENUE

7.    Pursuant to 28 U.S.C. § 1391(e) and 42 U.S.C. § 2000e-5(f)(3), venue is proper in the District of Columbia because the claims asserted herein arose in the District of Columbia which is also the location of the acts relevant to the claims asserted by Ms. Maldonado.

## PARTIES

8.    Amy Maldonado (hereafter "Ms. Maldonado" or "Plaintiff Maldonado") was the Director of Federal Sales nationwide and her territory included federal government agencies in Washington, D.C. Ms. Maldonado has over fifteen (15) years of High Tech sales experience of which more than (10) years is focused on Enterprise Security. Ms. Maldonado has consistently closed millions of dollars in revenue for the various companies where she has worked. One of her

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 2 -

most notable successes is the fact that, prior to LogLogic, she was able to close a multi−million dollar deal with an intelligence agency of the federal government during the first quarter of the federal spending year which was quite an accomplishment given that federal agencies generally do not have funds allocated in the first quarter of their fiscal year.

9.      LogLogic is a company incorporated in Delaware with more than 100 employees and is headquartered in San Jose, California.  It has employees located throughout the United States and Washington, D.C.

10.     Alan Hahn (hereafter "Mr. Hahn") is not a defendant in the lawsuit but was Ms. Maldonado's immediate supervisor and the discriminating official. Mr. Hahn is the Vice President of Sales for LogLogic.

**FACTS**

11.     The averments set forth in paragraphs 1 through 10  are adopted and incorporated herein by reference.

12.     On or about December 1, 2004, Ms. Maldonado began working for LogLogic as the Director for Federal Sales. She was the only female on the North America sales team. Maldonado and LogLogic entered into a Stock Option Agreement, in which Maldonado would earn 10,000 shares under a Stock Option Agreement after one year of employment and that additional shares would vest daily thereafter.

13.     Ms. Maldonado was hired to develop and establish LogLogic's business with the federal government and she was the first salesperson assigned this market. Despite being a new

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

territory for LogLogic, Ms. Maldonado was nonetheless able to close a contract with the United States Postal Service after 60 days on the job.

14.     On or about the middle of September 2005, Ms. Maldonado advised Mr. Hahn, her supervisor, of her pregnancy. She also requested a few hours off during the last week of September to visit her physician for an ultrasound. Ms. Maldonado was hesitant to make this request as the company policy did not allow sales representatives any time off during the last month of any quarter of the year.

15.     On or about October 6, 2005, just a week after Ms. Maldonado's doctor's appointment, Mr. Hahn issued a Performance Improvement Plan (hereafter "PIP"). In the PIP, he required Ms. Maldonado to close $100,000 in business for the month of October, November and December. He also acknowledged that Ms. Maldonado would most likely close over a million dollars in sales by 2005 year–end.

16.     On or about October 10, 2005, Ms. Maldonado responded to Mr. Hahn's Performance Improvement Plan. She expressed her surprise at receiving the PIP given the fact that she had previously discussed her pregnancy with him.

17.     In early October 2005, Ms. Maldonado acquired $150,000 in business from J.P. Morgan Chase. In an effort to prevent her from meeting her year-end quota, Mr. Hahn would not allow the new business to be applied towards Ms. Maldonado's sales quota. Moreover, Mr. Hahn refused to pay Ms. Maldonado the commission she had earned from this new account.  Mr. Hahn refused to credit or pay Ms. Maldonado for other J.P.Morgan Chase sales that occurred throughout 2005, which amounted to over $1,000,000.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

18.     On or about November 2, 2005, Mr. Hahn informed Ms. Maldonado that she would need to deliver $200,000 in sales during the month of November or she would be terminated.

19.     On or about November 4, 2005, Mr. Hahn terminated Ms. Maldonado based on his biased and stereotypical notion that, as a pregnant woman, Ms. Maldonado would not be as productive as her male counterparts.

20.     As of October 25, 2005, Ms. Maldonado acquired a $550,000 purchase order from the U.S. Department of Energy, as she had indicated in her sales forecast for the year. Although the transaction was not finalized until after Mr. Hahn terminated Ms. Maldonado, Mr. Hahn preapproved the sales pricing for this transaction. Had this business been properly credited to Ms. Maldonado, or if Mr. Hahn had allowed her sufficient time for this business to be credited, she would have easily met her sales quota.

21.     After Ms. Maldonado was terminated, Mr. Hahn gave the Southeast salesperson, Kevin Greenwood, all of the business Ms. Maldonado had generated in her pipeline. As a result, a male salesperson was eventually paid commission on the sales initiated by Ms. Maldonado prior to her termination.

22.     Later, LogLogic assigned Fabricio Fermin to Ms. Maldonado's position as Federal Sales Director. Mr. Fermin had been an engineer with LogLogic and not a salesperson. He had provided Ms. Maldonado with technical support while she was employed with the company. As such, Mr. Fermin had no previous sales experience and acted only as a technical resource for Ms. Maldonado. He also eventually received commission for work originally initiated by Ms. Maldonado.

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 5 -

23.    In addition, Ms. Maldonado was treated differently than her male colleagues. By way of example, LogLogic failed to terminate a similarly situated, male salesperson in New York who had not closed any business as of October 2005.

24.    Further, Ms. Maldonado did not have a Sales Engineer (SE) resource until the end of June 2005. All of the other male salespersons had a dedicated SE since at least January 2005. As a consequence, Ms. Maldonado always had to 'borrow' the technical resources of other sales representatives to move her business along. These 'borrowed' SEs were less willing to support Ms. Maldonado because they had to travel to her territory and they were paid only a small portion of the commission when the business closed since it was not their assigned territory. Mr. Hahn had oversight over the hiring of all sales engineers.

**COUNT I**
Sex Discrimination in Violation of Title VII

25.    Plaintiff repeats and reiterates each and every allegation of Paragraphs 1 through 24 of this Complaint as if specifically alleged herein.

26.    Title VII prohibits employers from discriminating against its employees on the basis of sex. Moreover, discrimination on the basis of pregnancy, childbirth, or related medical conditions constitutes unlawful sex discrimination under Title VII.

27.    Plaintiff alleges that Defendant and/or agents or employees acting on its behalf, subjected her to discrimination based on her sex. Plaintiff further alleges that these acts and practices violate Title VII.

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

28.     Plaintiff also alleges that as a direct and proximate result of the intentional acts of Defendant and/or agents or employees acting on its behalf, Plaintiff has suffered grievous harm to her career and continues to suffer such harm. These injuries and losses include, but are not limited to, loss of employment, loss of past salary, benefits and entitlements, loss of future salary, benefits and entitlements and loss of professional status.

29.     As a direct and proximate result of the intentional acts of Defendant and/or agents or employees acting on its behalf, Plaintiff has suffered emotional distress, humiliation, pain and anguish, as well as damage to her professional career and reputation.

30.     As a consequence of Defendant's actions, Defendant is liable to Plaintiff for those damages as well as for attorneys' fees, the costs of this litigation, and accrued interest.

WHEREFORE, Plaintiff prays that this Court:

a.      Enter judgment for Plaintiff against Defendant on Count I.

b.      Declare that the conduct of Defendant is in violation of Title VII of the Civil Rights Act of 1964, as amended;

c.      Award Plaintiff equitable relief, such as back pay, front pay, future losses, loss of benefits, and other economic losses and entitlements retroactive to the date of the unlawful action found to have occurred in this case;

d.      Award Plaintiff compensatory damages for the injuries and losses that she suffered in an amount to be proved at trial;

e.      Award Plaintiff punitive damages for the injuries and losses that she suffered in an amount to be proved at trial;

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

f.      Order Defendant to pay all reasonable attorneys' fees, court costs, and expenses incurred by Plaintiff as a result of Defendant's actions and inactions, as well as pre-judgment and post-judgment interest; and

g.      Order such other equitable and legal relief as the Court deems necessary and appropriate.

## COUNT II
### D.C. Wage Claim for Unpaid Commissions

31.     Plaintiff repeats and reiterates each and every allegation of Paragraphs 1 through 30 of this Complaint as if specifically alleged herein.

32.      As set forth herein, Plaintiff was an "employee," and Defendant was her "employer" within the meaning of the D.C. Code, Labor §32-1301.

33.     "Wage" is defined pursuant to D.C. Code, Labor §32-1301 as "monetary compensation", including an amount determined on a "commission" basis.

34.     As set forth in LogLogic's Sales Compensation Plan, when eligible sales occur by other Sales Representatives within the Plaintiff's Sales Territory, Plaintiff is entitled to a commission "split".

35.     As set forth herein, Plaintiff is entitled to her share of all deals closed within her exclusive territory.

36.     Defendants' failure to pay Plaintiff the commissions owed to her violates D.C. Code §32-1301 *et seq.*

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 8 -

37.     Plaintiff is entitled to recover her compensation due as well as liquidated damages, pursuant to D.C. Code, Labor §32-1303.

38.     Plaintiff is entitled to recovery attorney's fees and costs pursuant to D.C. Code, Labor §32-1308(b).


WHEREFORE Plaintiff prays that this Court:

a.     Enter judgment for Plaintiff against Defendant on Count II;

b.     Award to Plaintiff for wages owed, and an additional equal amount in liquidated damages;

c.     Award to Plaintiff for reasonable attorney's fees and costs; and

d.     Any other relief that is just and equitable.

## COUNT III
Breach of Contract

39.     Plaintiff repeats and reiterates each and every allegation of Paragraphs 1 through 38 of this Complaint as if specifically alleged herein.

40.     When Plaintiff joined Defendant, she received an employment offer.

41.     Plaintiff also received the LogLogic Sales Compensation Plan.

42.     These documents established valid and binding contracts between the Plaintiff and Defendant.

43.     Plaintiff performed work for the Defendant company under these contracts. Defendant's duty, under the applicable contracts was to compensate Plaintiff for any eligible sale within her sales territory.

44.     Defendant has not paid Plaintiff for the commissions earned on the JP Morgan Chase

Lippman, Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

contract as well as other contracts.

45.    Defendant therefore breached the contract between the parties and is liable to Plaintiff

for all resulting damage estimated at $350,000.

WHEREFORE Plaintiff prays that this Court:

a.    Enter judgment for Plaintiff against Defendant on Count III for breach of contract;

b.    Award to Plaintiff compensatory damages for unpaid commissions;

c.    Award to Plaintiff reasonable attorney's fees and costs; and

d.    Any other relief that is just and equitable.

## JURY DEMAND

Plaintiff requests a trial by a jury of her peers as to all claims set forth in this

Amended Complaint.

Dated: May 11, 2007

Respectfully submitted,

LIPPMAN, SEMSKER & SALB,  LLC

_____/s/_____

S. Micah Salb, #453197
Richard H. Semsker, #22819
Gwenlynn Whittle D'Souza, #453849
7700 Old Georgetown Rd
Suite 500
Bethesda, Maryland  20814

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 10 -

(301) 656-6905

Counsel for Plaintiff

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 11 -