**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| AMY MALDONADO, <br><br> PLAINTIFF, <br><br> v. <br><br> LOGLOGIC, INC., <br><br> DEFENDANT. | Case No.: 1:07CV00066 (RCL) |

**PLAINTIFF'S CORRECTED OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

**FACTUAL BACKGROUND**

Much of the facts in this matter are undisputed. Plaintiff Amy Maldonado does not dispute that she signed her acceptance to the "Offer Letter" sent by Defendant LogLogic on November 21, 2004. Maldonado also agrees that on February 18, 2005, she signed the *At Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement* (hereinafter referred to as the "Agreement"). The Parties agree that the Agreement contained Section 10 termed, "Arbitration and Equitable Relief" (hereinafter referred to as the "Arbitration Clause"). Nevertheless, despite these agreements as to the basic facts of the case, the Parties do not agree that there is a binding arbitration agreement. Finally, the Parties agree that California law governs this dispute. *See* <u>Agreement</u>, Section 11(A).

The Arbitration Clause in this case is clearly unenforceable under binding California law. Though much of that law may strike D.C. lawyers as surprisingly protective of employees, California law permits mandatory arbitration only when the arbitration agreement meets minimum

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

standards of fairness. Here, California law plainly disallows arbitration of Ms. Maldonado's claims, for several reasons.

First, the Agreement is both substantively and procedurally unconscionable, and therefore unenforceable. The Agreement is substantively unconscionable primarily because its terms overwhelmingly protect the employer's interests and not Ms. Maldonado's. In fact, California law *presumes* that mandatory employment arbitration agreements are substantively unconscionable unless the employer proves otherwise. In this case, especially since LogLogic has not even attempted to prove that the Agreement is not unconscionable, the Agreement is simply unenforceable. And, because it is a "take it or leave it" contract, it is *per se* procedurally unconscionable under California Law. Furthermore, there are limits on the arbitrator's power which contravene California law. Consequently, this Agreement is unenforceable and the Defendant's motion must be denied.

## I. ARGUMENT.

**A.** ***Armendariz* is the Controlling Authority for California Arbitration Agreements.**

Since 2000, Armendariz v. Foundation Psychcare Services, Inc., 24 Cal.4th 83 (2000), has been the controlling law regarding California arbitration agreements. *Armendariz* lays out the substantive and procedural safeguards that must be present in an arbitration agreement in order for it to be enforceable.

LogLogic suggests that state law, like *Armendariz*, is somehow preempted by the FAA. Such is plainly not the case. As the Ninth Circuit Court of Appeals later explained:

> Circuit City suggested that Armendariz is preempted by the FAA, because its holding . . . imposes a heightened standard for enforcement of arbitration agreements. We

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

> disagree. The Supreme Court has held that "[c]ourts may not . . . invalidate arbitration agreements under state laws applicable *only* to arbitration provisions." Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681 at 687 (1996).

Ingle v. Circuit City, Inc., 328 F.3d 1165, 1170 n. 3 (9th Cir. 2003); *see also* Wilson v. Bally Total Fitness Corp., Inc., 2003 WL 21398324 (Cal.App. 4 Dist.)[1] (explaining that the FAA does not preempt *Armendariz* because FAA preemption extends only to laws interfering with or limiting arbitration; *Armendariz* only ensures a minimum level of fairness in the conduct of arbitrations); McManus v. CIBC World Markets Corp., 109 Cal.App.4th 76, 86 (2003). Thus California case law, from *Armendariz* to the present, governs Maldonado's Arbitration Clause.[2]

**B.     LogLogic's Arbitration Clause is Unconscionable.**

"Because unconscionability is a generally applicable defense to contracts, California courts may refuse to enforce an unconscionable arbitration agreement." *Ingle*, 328 F.3d at 1170. The Ninth Circuit explained:

> The FAA compels judicial enforcement of a wide range of written arbitration agreements. Section 2 of the FAA provides, in relevant part, that arbitration agreements shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract. 9 U.S.C. § 2. In determining the validity of an agreement to arbitrate, federal courts should apply ordinary state law principles that govern the formation of contracts. Thus, generally applicable defenses, such as . . . unconscionability, may be applied to invalidate arbitration agreements without contravening § 2 [of the FAA]. California courts may invalidate an arbitration clause under the doctrine of unconscionability.

---

[1] The Plaintiff cites to *Wilson*, even though it is not officially published, because its careful and detailed analysis is useful in elucidating the issue. The Plaintiff is aware of the California rule prohibiting citation to unpublished decisions, but notes that rules prohibiting publication are unconstitutional (*see* Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000), *vacated as moot on reh'g en banc*, 235 F.3d 1054 (8th Cir. 2000), and unwarranted (*see* http://www.abanet.org/poladv/letters/107th/opinions071202.html), and are not present in this Circuit.

[2] LogLogic cites at least ten California arbitration cases preceding *Armendariz*. This Court should, of course, ignore those citations and start with *Armendariz*, which has been quoted by every California court since 2000 as the governing authority for analyzing employment-based arbitration agreements.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

Ferguson v. Countrywide Credit Industries, Inc., 298 F.3d 778, 782 (9th Cir. 2002) (internal citations and quotation marks omitted, emphasis added). To determine whether an agreement is enforceable, California examines whether the contractual agreement is either procedurally or substantively unconscionable.

### 1. Loglogic's Arbitration Clause Is Substantively Unconscionable Because it Does Not Have Bilateral Benefit.

As a threshold matter, this Court is <u>required</u> to presume that LogLogic's Arbitration Clause is substantively unconscionable, and therefore unenforceable, and LogLogic has the burden to prove that it is not:

> [U]nder California law, a contract to arbitrate between an employer and an employee . . . raises a rebuttable presumption of substantive unconscionability. Unless the employer can demonstrate that the *effect* of a contract to arbitrate is bilateral — as is required under California law — with respect to a particular employee, courts should presume such contracts substantively unconscionable.

*Ingle*, 328 F.3d at 1174 (emphasis added). Nowhere has LogLogic even suggested, no less proven, that the *effect* of this Arbitration Clause is bilateral. In fact, LogLogic cannot make that argument both because LogLogic is permitted to pursue judicial remedy while Ms. Maldonado is not and also because the benefits of the Arbitration Clause are distinctly unilateral.[3]

Section 11 of the Agreement provides:

*Governing Law; Consent to Personal Jurisdiction.* This Agreement will be governed by the laws of the State of California. I hereby expressly consent to the personal jurisdiction of the state and federal courts located in California <u>for any lawsuit filed there against me by the Company</u> arising from or relating to this Agreement.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

---

[3] And, of course, any effort by LogLogic to argue in Reply that the Clause has true bilateral effect should be rejected, because to do so would deprive Ms. Maldonado the opportunity to respond.

This language clearly and explicitly gives access to the courts to LogLogic but does not do so for Ms. Maldonado. As such, it is unconscionable and unenforceable. *See*, *e.g.*, Nyulassy v. Lockheed Martin Corp., 120 Cal.App.4th 1267, 1282 (2004); Abramson v. Juniper Networks, Inc., 115 Cal.App.4th 638, 657 ("[T]he paramount consideration in assessing [substantive] conscionability is mutuality."). The Court need not consider further; this plainly violates conscionability rules.

In addition, the benefits of the Arbitration Clause are distinctly unilateral. The Agreement contains 11 Sections. Of those 11 Sections, eight exist solely and plainly for the protection of LogLogic.[4] Each of the remaining three sections also exists for the protection of LogLogic. Only one of the sections (Section 11) is <u>arguably</u> for the benefit of both LogLogic and its employees. But with respect to Section 1, this Court may take Judicial Notice that employers — not employees — demand the right to terminate employment for no good reason at all; employees are nowhere demanding the right to be fired without just cause. As such, this Section also plainly derives to the benefit of the Defendant. And the final section — the arbitration clause — is also designed for the benefit of LogLogic, and for the detriment of its employees, as described at page 6, *infra*.

**2.      The Arbitration Agreement Is Substantively Unconscionable Because Provisions Benefitting Employees Are Not Excluded from Arbitration but Provisions Benefitting Loglogic Are.**

Next, where an employer has "carved out" sections of an arbitration agreement so that certain employee claims are not subject to arbitration, the arbitration clause is unconscionable. Where the

---

[4] Section 2 protects the company's confidential information. Section 3 protects the employer's interests in all inventions an employee creates on LogLogic's behalf. Section 4 protects LogLogic from any conflicting employment in which the employee might engage. Section 5 protects LogLogic's documents. Section 6 protects LogLogic's right to confer with an employee's future employer. Section 7 protects LogLogic from the solicitation of its employees. Section 8 enforces the Conflict of Interest Guidelines created by and for LogLogic. Section 9 protects LogLogic by requiring the employee to execute any documents necessary to otherwise protect LogLogic.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

arbitration agreement requires arbitration of claims that an <u>employee</u> is most likely to bring against the employer, while exempting from arbitration claims which the <u>employer</u> is most likely to bring against the employee, then the entire agreement is unconscionable. *Ferguson*, 298 F.3d at 784-85; Mercuro v. Superior Court, 96 Cal.App.4th 167 (2002).

The Arbitration Clause devised by LogLogic is essentially the same as the clause described and condemned in *Mercuro*. The Court held there:

> The arbitration agreement specifically covers claims for breach of express or implied contracts or covenants, tort claims, claims of discrimination based on race, sex, age or disability, and claims for violation of any federal, state or other governmental constitution, statute, ordinance, regulation or public policy. Thus the agreement compels arbitration of the claims employees are most likely to bring against Countrywide. On the other hand, the agreement specifically excludes "claims for injunctive and/or other equitable relief for intellectual property violations, unfair competition and/or the use and/or unauthorized disclosure of trade secrets or confidential information. . . ." Thus the agreement exempts from arbitration the claims Countrywide is most likely to bring against its employees.

*Mercuro*, 96 Cal.App.4th at 175-76.

In comparison, LogLogic's Section 10(D) excludes from arbitration the following: (a) claims that the Agreement[5] is being violated, or any other agreement regarding (b) trade secrets, (c) confidential information, (d) non-solicitation, (e) inventions under Labor Code §2870. Except for the Agreement itself, this list is virtually identical to the list of items from *Mercuro* which the Court held creates substantive unconscionability because of one-sidedness. In fact, even injunctive relief for item (a) (i.e., the Agreement itself) also benefits primarily LogLogic, since nine of the eleven sections of the Agreement are written for LogLogic's benefit, one of the eleven sections (Section 11) describes general provisions, and the remaining section (Section 10) is an Arbitration

---

[5] Maldonado assumes that the agreement inaccurately referred to as the, "Employment, Confidential Information, Invention Assignment Agreement" referenced in Section 10(D) is the same as the "At Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement" at issue here.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

Clause written to protect LogLogic. While LogLogic might argue that the injunctive relief for items (b), (c), (d), and (e) apply to both the company and employee, the *Mercuro* court has directly dispelled such an argument.[6]

Since LogLogic has failed to prove the bilateral and equal impact of its Arbitration Clause, and the company has failed to show that the claims subjected to court relief via injunction are primarily for the benefit of the employee, the Arbitration Clause is conclusively and substantively unconscionable.

### 3. **LogLogic's Arbitration Clause Is Procedurally Unconscionable.**

Any time an employer presents a standard form contract to its employee, and the employee's option is to "take it or leave it," that arbitration agreement is instantly procedurally unconscionable. *Id.*; Davis v. O'Melveny & Myers, – F.3d –, 2007 WL 1394530 (9th Cir. 2007) (despite time to consider whether to accept a "take it or leave it" arbitration agreement, the agreement is unconscionable). The reason for this rule is simple: "[F]ew employees are in a position to refuse a job because of an arbitration requirement." Pinedo v. Premium Tobacco Stores, Inc., 85 Cal.App.4th 774 (2000).

> A determination of whether a contract is procedurally unconscionable focuses on two factors: oppression and surprise. "'Oppression' arises from an inequality of bargaining power which results in no real negotiation and an absence of meaningful choice. 'Surprise' involves the extent to which the supposedly agreed-upon terms

---

[6] "Countrywide further argues the agreement is not unconscionable because the exception for intellectual property claims applies to it *and* its employees. This is not the case. The exception for intellectual property claims only applies if the claim is accompanied by a request for injunctive or other equitable relief. An employee terminated for stealing trade secrets, for example, must arbitrate his wrongful termination claim under the agreement but Countrywide can avoid a corresponding obligation to arbitrate its trade secrets claim against the employee by the simple expedient of requesting injunctive or declaratory relief." *Mercuro*, 96 Cal.App.4th at 176-77.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 7 -

of the bargain are hidden in the prolix printed form drafted by the party seeking to enforce the disputed terms."

*Ferguson*, 298 F.3d at 783, *quoting* Stirlen v. Supercuts, Inc., 51 Cal.App.4th 1519 (1997); Circuit City Stores, Inc. v. Adams, 279 F.3d 889, 892 (9th Cir.).

In this case, LogLogic drafted the Arbitration Clause, used the Agreement as its own standard form, required its signing as a condition of employment, and did not permit Maldonado to make modifications on the standard form. These factual assertions are not supposition; they are all clear from the language of the Offer Letter itself, which specifically makes reference to the Arbitration Clause with the following language:

> As a ***condition of your employment***, you are ***required to sign and comply with*** an . . . Arbitration Agreement, which ***requires***, among other provisions . . . binding arbitration. . . . Please note that ***we must receive your signed Agreement***. . . .

Further, the entire Agreement itself starts with, "As ***a condition of my employment*** with LogLogic, Inc. . . . I agree to the following. . . ." Clearly, LogLogic permitted absolutely no give-or-take with respect to this Arbitration Clause and agreement.

These facts demonstrate that the arbitration section of the Arbitration Clause is procedurally unconscionable. *Circuit City Stores*, 279 F.3d at 892; *Ferguson*, 298 F.3d at 783. "California courts have consistently held that where a party in a position of unequal bargaining power is presented with an offending clause without the opportunity for meaningful negotiation, oppression and, therefore, procedural unconscionability, are present." *Ferguson*, 298 F.3d at 784. As a matter of binding California law, Ms. Maldonado was in a position of unequal bargaining power and therefore the Agreement is procedurally unconscionable.

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 8 -

### 4. Loglogic's Arbitration Clause Is Also Unconscionable Because it Limits the Arbitrator's Authority.

Any arbitrator appointed to hear this case would be constrained in two ways which constitute unconscionability under California law. First, the arbitrator is not permitted to impose or adopt policies which the company has not adopted; this provision constitutes an impermissible limitation on the arbitrator's power. Second, the arbitrator is not permitted to exact justice as she or he views it, irrespective of law, which is also an impermissible limitation on his or her power under California law.

A valid and enforceable arbitration agreement is one in which the arbitrator is fully empowered to provide all of the remedies an employee is entitled to receive. Any limits on the ability of an employee to receive full remedies makes the arbitration agreement invalid. *Pinedo*, 85 Cal.App.4th 774. Because the arbitrator in this case would be limited in the relief he or she could provide, the Agreement is legally unconscionable.

At first, this Arbitration Clause appears to grant full remedies to an employee. After all, Section 10(B) reads: "Arbitrator shall have the power to award any remedies, including attorneys' fees and costs, available under applicable law." However, the arbitrator is limited by the following clause in Section 10(C):

> The Arbitrator will not have the authority to disregard to refuse to enforce any lawful company policy, and the Arbitrator shall not order or require the company to adopt a policy not otherwise required by law which the company has not adopted.

These two Sections come into conflict when resolution of a discrimination complaint requires actions beyond those provided for in the company's policies. That is, the Company may have a policy which appears superficially legal but which does not provide the full breadth or scope of the law's protection. For example, a company may have a written policy to conduct an

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

investigation of complaints of discrimination. However, if the policy does not require the use of an <u>independent</u> investigator, a <u>prompt</u> investigation, a <u>full and thorough review of all facts and all witnesses</u>, and action taken to <u>protect the female from retaliation</u>, then the policy is incomplete, and employer is required to do more. Failure to take all these actions while investigating a claim of sex discrimination or harassment means the investigation is inadequate as a matter of law. *See*, *e.g.*, <u>Fuller v. City of Oakland</u>, 47 F.3d 1522 (9th Cir. 1995) (where the employer failed to interview promptly, corroborate information, challenge false testimony, interview key witness, and weigh evidence, the "investigation was inadequate and does not constitute adequate remedial action").

Under LogLogic's Arbitration Clause, the arbitrator would be without power to "require the company to adopt a policy not otherwise required by law which the company has not adopted" when that policy on its surface is legal. Consequently, as a matter of California law the Arbitration Clause is unenforceable.

Furthermore, any limits on the authority of the arbitrator to "exact justice" via arbitration — without respect to the law — is an illegal and improper limitation on the power of the arbitrator. Under California law, arbitrators need not follow the law and must be free to "exact justice" in any way needed:

> [B]ecause an arbitrator is not ordinarily constrained to decide according to the rule of law, it is the general rule that, "The merits of the controversy between the parties are not subject to judicial review." More specifically, courts will not review the validity of the arbitrator's reasoning. Further, a court may not review the sufficiency of the evidence supporting an arbitrator's award.

<u>Jones v. Humanscale Corp.</u>, 130 Cal.App.4th 401, 407-08 (2005) (*quoting* <u>Moncharsh v. Heily & Blase</u>, 3 Cal.4th 1, 11 (1992), internal citations omitted in original). Because LogLogic's

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

Arbitration Clause limits the arbitrator's ability to exact justice fully with respect to LogLogic's company policies, the Agreement is unenforceable in California, and therefore unenforceable here.

### C. **This Court May Not Sever the Offending Provisions to Make the Agreement Conscionable.**

Where a Court finds the unconscionable provisions described in LogLogic's Arbitration Clause, the Court has the choice of either (a) refusing to enforce the contract, (b) sever the offending provisions, or (c) limit the offending provisions to avoid unconscionability. *Mercuro*, *supra*. However, if it is clear from the provisions in an agreement that the agreement is "permeated or tainted with unconscionability," then the contract simply may not be enforced. *Id.*

Like the employees in *Mercuro* and Circuit City Stores v. Mantor, 335 F.3d 1101 (9th Cir. 2003), Maldonado's Arbitration Clause cannot be saved. This Court may not act as a "re-drafter" of the LogLogic Arbitration Clause. As the *Mantor* court stated:

> [T]he arbitration agreement was procedurally unconscionable and numerous provisions in [the] arbitration agreement operate to benefit itself at its employees' expense. Because "any earnest attempt to ameliorate the unconscionable aspects of [the] arbitration agreement would require this court to assume the role of contract author rather than interpreter," we hold that this agreement is unenforceable in its entirety.

*Mantor*, 335 F.3d at 1109.

### **CONCLUSION**

LogLogic's Arbitration Clause is subject to California law, under which the Clause is unconscionable in numerous respects. The Arbitration Clause cannot be saved by severing, since the purpose and import of the Clause is clearly to benefit LogLogic's rights, while eliminating

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

Maldonado's rights. As such, this Court must find LogLogic's Arbitration Clause as unconscionable and unsalvageable under California law, prohibit its enforcement, and deny the Company's Motion to Compel Arbitration.

Dated: June 8, 2007

Respectfully submitted,
LIPPMAN, SEMSKER & SALB, LLC

_____/s/_____
S. Micah Salb, #453197
Gwenlynn Whittle D'Souza, #453849
Richard H. Semsker, #22819
7700 Old Georgetown Rd
Suite 500
Bethesda, Maryland 20814
(301) 656-6905

Counsel for Plaintiff

**Lippman, Semsker & Salb, LLC**
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814
Tel. (301) 656-6905
Fax (301) 656-6906

- 12 -