UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMY MALDONADO<br>5789 Ladues End Court<br>Fairfax, VA 22030<br><br>     **Plaintiff,**<br><br> v.<br><br>LOGLOGIC, INC.<br>110 Rose Orchard Way, Suite 200<br>San Jose, CA 95134<br><br>     **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:07-cv-00066<br>  (RCL) |

**DEFENDANT'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT AND
<u>TO COMPEL ARBITRATION</u>**

Defendant, LogLogic, Inc. ("LogLogic"), by and through its undersigned counsel, hereby files its reply memorandum in support of its motion to compel arbitration as follows:

**<u>INTRODUCTION</u>**

In an attempt to avoid the agreement to arbitrate ("Arbitration Clause") she signed when she accepted employment with LogLogic, Plaintiff argues that the clause is unconscionable. This argument is without merit. As illustrated by LogLogic's Statement of Points and Authorities ("Brief") and below, the Arbitration Clause is bilateral, fair and offers Plaintiff all remedies she could obtain through court action without surrendering any statutory protections or benefits. The Arbitration Clause complies with all the mandates of <u>Armendariz v. Foundation Health Psychcare Services, Inc.</u>, 24 Cal.4th 83, 114 (2000), is not unconscionable and is unquestionably valid. Thus, Plaintiff's claims are subject to arbitration under state and federal law and such arbitration should be compelled.

**ARGUMENT**

A.  **Both Federal and State Law Support the Enforcement of Arbitration Agreements.**

LogLogic is entitled to an order compelling arbitration under both Federal and California law. Plaintiff does not contest that the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, et seq., supports enforcement of the parties' agreement to arbitrate. The California Supreme Court has held that statutory claims are subject to arbitration where the applicable agreement is not unconscionable. Armendariz v. Foundation Health Psychcare Services, Inc., 24 Cal.4th 83, 114 (2000), as cited in both Plaintiff's *and* Defendant's briefs, is the controlling case for interpretation under California state law.[1] As referenced in Plaintiff's Opposition, Armendariz "lays out the substantive and procedural safeguards that must be present in an arbitration agreement in order for it to be enforceable." (Plaintiff's Corrected Opposition to Defendant's Motion to Dismiss ("Opposition"), p. 2). Defendant's Brief lists these required factors for enforceable agreements to arbitrate and demonstrates their inclusion in the parties' agreement. (Brief, p. 6).

B.  **The Arbitration Clause is Enforceable under Armendariz and the Court Should Compel Arbitration.**

Plaintiff's argument that the Arbitration Clause is substantively unconscionable lacks merit because the clause is entirely mutual and satisfies the Armendariz factors. Armendariz held that an employment-related arbitration agreement is enforceable where it:

> (1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum.

Armendariz, 34 Cal.4th at 102; See also Boghos v. Certain Underwriters at Lloyd's of London, 36 Cal.4th 495, 506 (2005); Fittante v. Palm Springs Motors, Inc., 105 Cal. App. 4th

---

[1] Plaintiff wrongly suggests LogLogic feels Armendariz is preempted. Defendant's motion not only cites the case, but dedicates a full third of its argument to an analysis of its required provisions to avoid substantive unconscionability.

708, 716 (2003).

As set forth in Defendant's Brief, the Arbitration Clause meets all five factors.[2]  The Arbitration Clause provides for a neutral arbitrator from the American Arbitration Association (AAA), applies the "Arbitration Rules set forth in the California Code of Civil Procedure," places no limits on the discovery rights under those rules, states "that the decision of the arbitrator shall be in writing" and that "the arbitrator shall have the power to award any remedies, including attorneys' fees and costs, available under applicable law," and, as more thoroughly discussed in the Brief, requires Plaintiff to pay no administrative or hearing fees save "the first $125.00 of any filing fees associated with any arbitration [she] initiate[s]."[3]

The <u>Armendariz</u> unconscionability analysis relates only to the arbitration provisions, <u>not</u> to the contract as a whole.  Rather than address the <u>Armendariz</u> factors specified by the Court in the context of the Arbitration Clause, Plaintiff instead offers a mathematical assessment of the parties' entire employment agreement ("Agreement").  (Opposition, p. 4-5).  This type of analysis is unsupported by any authority and only serves to confuse the relevant issue of the enforceability of the Arbitration Clause.  For this reason, the Court should disregard all such references to the Agreement other than the Arbitration Clause (Section 10) for its <u>Armendariz</u> evaluation.

### 2. **The Arbitration Clause is Mutual and Bilateral**

In its Brief, Defendant showed that the Arbitration Clause is bilateral and, therefore, enforceable.  In her Opposition, Plaintiff cites <u>Ingle v. Circuit City Stores, Inc.</u>, 328 F.3d 1165 (9th Cir. 2003) for the proposition that there is a presumption that the agreement to arbitrate their disputes is substantively unconscionable.  (Opposition, p. 4)  Plaintiff omits the footnote immediately following the quoted section, in which the court states, in pertinent part:

---

[2] Plaintiff incorrectly asserts that this Court should disregard California authority before <u>Armendariz</u>.  That case, while significant, did not abrogate or contradict the strong judicial recognition of arbitration as an appropriate means of dispute resolution.  This Court should be guided by those earlier cases, not disregard them.

[3] As discussed in the Brief, this "first $125.00" is a fraction of the $350.00 filing fee for this action.

3

> An employer may rebut this presumption if it can demonstrate that its contract to arbitrate maintains the **"modicum of bilaterality"** required under California contract law.

Ingle, at 1174 citing Armendariz, 6 P.3d at 692, 24 Cal. 4th at 117-18 (emphasis added).

There is much more than a "modicum of bilaterality" in the Arbitration Clause as shown by an examination of the required Armendariz factors and illustrating their presence in the Arbitration Clause. Additionally, not only does Defendant's Brief discuss the bilateral nature of the agreement (contrary to Plaintiff's assertion), but cites examples of the Arbitration Clause's bilateral effects on the rights and abilities of both parties. (Brief, p. 6)

### 3. The Arbitration Clause Provides For the Mutual Availability of Injunctive Relief

Contrary to Plaintiff's assertions, the agreed-upon Arbitration Clause does not exclude the claims of either party from arbitration. Rather, in the same bilateral manner as all of its provisions, Part D of the Arbitration Clause provides for the mutual availability of injunctive relief to "any party" for any violation of the agreement. (Brief, Hornstein Decl., Exhibit B, 10.D).

The Arbitration Clause does not exclude any claims from arbitration, but allows both parties to avail themselves of injunctive relief, if necessary. This provision is not, as Plaintiff suggests, "essentially the same" as the arbitration agreement in the factually distinguishable case of Mercuro v. Superior Court, 96 Cal. App. 4th 167 (Cal. Ct. App. 2002).[4] Unlike the arbitration agreement in Mercuro and contrary to Plaintiff's characterization, the Arbitration Clause does not exempt any claims from arbitration, but instead mutually extends the option to "any party" to petition for relief unavailable from an arbitrator.

---

[4] Plaintiff also quotes Ferguson v. Countrywide Credit Indus., 298 F.3d 778 (9th Cir. 2002) in the same argument. Ferguson concerned the identical Countrywide arbitration agreement considered by the California Court of Appeal in Mercuro. The court in Ferguson notes this recent decision and adopted the Mercuro court's reasoning because it concerned the identical agreement.

4

### a. The Plaintiff Relies on a Factually Distinguishable Case.

Plaintiff also cites Mercuro to question the substantive unconscionability of the Arbitration Clause.  In Mercuro, a securities broker contested his arbitration agreement with Countrywide Securities Corporation ("Countrywide") based upon unconscionability.  The broker initially agreed to arbitrate all disputes when he applied for a Securities and Exchange Commission ("SEC")-required broker license from the National Association of Securities Dealers ("NASD").  At the time of his application, no one at Countrywide provided Mercuro a copy of the NASD constitution, bylaws or rules nor did anyone at Countrywide advise him the NASD arbitration agreement required him to arbitrate employment disputes including statutory claims of employment discrimination.  Furthermore, Mercuro was unaware of any practice in the industry which required arbitration of employment disputes.  He believed he was only agreeing to arbitrate disputes arising from his handling of securities and neither understood nor agreed to arbitrate employment disputes with Countrywide.  Mercuro, at 171.

Over a year after he moved to California to take the job and began working, Countrywide asked all its sales personnel to sign another contract agreeing to arbitrate employment disputes.  The undisputed facts showed that, to obtain plaintiff's assent to the agreement, Countrywide used oppression, coercion, and actual threats, including that "he would be 'cut off' and made to 'pay big time.'"  Mercuro, at 173.  Further, the plaintiff testified that senior management told him they "would drive me out, making it all but impossible for me to earn a living, that I would be living in California with no income and litigating a court case which would take years to resolve." Id.

Following this evidence, the Mercuro court, citing Armendariz, stated,

> Under California law, the doctrine of unconscionability has a procedural and a substantive element. Both elements must appear in order to invalidate a contract or one of its individual terms.  These elements, however, need not be present in the same degree. "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa."

5

Mercuro, at 174 citing and quoting Armendariz, 24 Cal. 4th at page 114. Noting the circumstances, the court found that "[g]iven Countrywide's highly oppressive conduct in securing Mercuro's consent to its arbitration agreement, he need only make a minimal showing of the agreement's substantive unconscionability."

In contrast, none of these elements of oppression or coercion are present in the instant case. Plaintiff was presented the terms of arbitration within her offer of employment along with a copy of the Agreement. There is no suggestion that she was rushed or coerced into signing either. Moreover, the fact that Plaintiff waited until nearly three months after she began working to return the Agreement illustrates the total lack of pressure or oppression. Defendant concedes that, under California law, the non-negotiable nature of the Agreement and its included Arbitration Clause arguably makes it procedurally unconscionable. Nonetheless, under the sliding scale of Armendariz, the level of this procedural unconscionability is minimal (particularly in comparison to the facts of Mercuro).

Given the stark contrast between Mercuro and the facts of the instant case[5], Mercuro is not persuasive authority. The LogLogic Arbitration Clause is substantively conscionable and, unlike Mercuro, presents only the barest form of procedural unconscionability. Even under the balancing test suggested by Mercuro, the Arbitration Clause should be enforced.

### 4. The Arbitration Clause Does Not Illegally Limit the Arbitrator's Authority

Plaintiff wrongly argues that the Arbitration Clause is unenforceable because it limits the arbitrator's authority. The only limitations placed upon the arbitrator by the Arbitration Clause

---

[5] The arbitration clause in Mercuro also provided for only a very small pool of eligible arbitrators (eight by the court's count). This stands in contrast to the instant Arbitration Clause which provides for an arbitrator from the substantial pool of the American Arbitration Association ("AAA"). Mercuro, at 178.

are that he or she "cannot disregard or refuse to enforce any lawful Company policy" or "order and require the Company to adopt a policy not required by law[.]" (Brief, Hornstein Decl., Exhibit B, 10.C).

Thus, as a practical matter, the Arbitration Clause requires the arbitrator to abide by the law and not to exceed it. These are the same boundaries within which a court works. Plaintiff mistakenly cites to Pinedo v. Premium Tobacco Stores, 85 Cal. App. 4th 774 (Cal. Ct. App. 2000), for the proposition that "[a]ny limits on the ability of an employee to receive full remedies makes the arbitration agreement invalid." (Opposition, p. 9). Pinedo concerned an arbitration clause which limited employee remedies to "reinstatement and/or back pay" and also required the employee to pay all costs of arbitration. There is no comparison between that case and the full remedies and equity provided for in the instant Arbitration Clause.

Pursuant to the Arbitration Clause, Plaintiff is entitled to all the remedies available to her "under applicable law." The fact that the arbitrator is not permitted to ignore the law and impose extra-legal policies on LogLogic does not invalidate the clause.

Similarly, Plaintiff's reliance on Jones v. Humanscale Corp., 130 Cal. App. 4th 401 (Cal. Ct. App. 2005), a case which concerns the judicial review of an arbitrator's decision, is misplaced. (Opposition, p. 10-11). It does not follow that because an arbitrator's decision is not subject to judicial review that the Arbitration Clause is unenforceable simply because it requires the arbitrator to abide by the law. The two concepts are apples and oranges.

### 5. The Court May Sever an Offending Provision If Necessary to Make the Arbitration Clause Conscionable

In arguing that the Arbitration Clause is "permeated or tainted with unconscionability," Plaintiff cites again to the factually distinct Mercuro case, and also to Circuit City Stores, Inc. v.

Mantor, 335 F.3d 1101 (9th Cir. 2003), another case involving oppression and threats to gain the employee's signature on the arbitration agreement. As above, the thresholds and rationale used in cases of high procedural unconscionability due to oppression and coercion are different from this case.

While Defendant believes that the Arbitration Clause is conscionable and fully enforceable as is, should the Court find a portion offensive, its hands are free to sever the offending portion and enforce the parties' agreement to arbitrate.

Plaintiff was given clear notice of, and expressly agreed to, a requirement of arbitration in lieu of a judicial forum for resolution of any alleged employment disputes when she agreed to the Arbitration Clause as a condition of her employment with LogLogic. The provisions of the Arbitration Clause are bilateral, fair, offer Plaintiff all remedies she could obtain through court action and involve no surrender of statutory protections or benefits. Because the parties' agreement to arbitrate complies with all the mandates of Armendariz, it is not unconscionable and is unquestionably valid. Thus, Plaintiff's claims are subject to arbitration under state and federal law.

## CONCLUSION

For the reasons set forth herein and in its previous submission, Defendant's Motion to Dismiss the Amended Complaint and to Compel Arbitration should be granted, and Plaintiff should be required to submit her claims to arbitration in accordance with the Arbitration Clause. LogLogic respectfully requests the Court enforce the parties' Agreement and order this matter to arbitration. LogLogic further requests the Court dismiss the Amended Complaint, or, in the alternative, stay the entire action as to all parties pending the completion of arbitration

        Respectfully submitted,

        **JACKSON LEWIS LLP**

By:   /s/ _____
       Tyler A. Brown
       D.C. Bar No. 480693
       8614 Westwood Center Drive
       Suite 950
       Vienna, VA  22182
       (703) 821-2189
       Fax: (703) 821-2267

Date: June 15, 2007

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing *Defendant's Reply Memorandum In Support of Its Motion To Dismiss the Amended Complaint and To Compel Arbitration* was sent by United States Mail, postage prepaid, on this 15th day of June, 2007, to:

>Micah Salb, Esq.
>Lippman, Semsker & Salb, LLC
>7700 Old Georgetown Road, Suite 500
>Bethesda, MD 20814

        /s/_____
        Tyler A. Brown