UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
AMY MALDONADO              )
                           )
        Plaintiff,         )
                           )
v.                         )       Case No. 1:07-cv-00066 (RCL)
                           )
LOGLOGIC, INC.             )
                           )
        Defendant.         )
_____)

### MEMORANDUM OPINION

This matter comes before the Court on defendant's motion [12-2] to dismiss plaintiff's amended complaint and to compel [13] arbitration. Upon consideration of the defendant's motion, plaintiff's opposition, defendant's reply brief, the applicable law, and the entire record herein, the Court concludes that defendant's motion shall be denied. The Court's reasoning is set forth below. Also before the court, and dealt with in this Memorandum Opinion, is plaintiff's consent motion [17] for leave to file a second amended complaint.

### FACTUAL BACKGROUND

Plaintiff, Amy Maldonado, is a former employee of Loglogic, Inc., a Delaware corporation headquartered in San Jose, California. As an employee of defendant, plaintiff worked as a salesperson based in Northern Virginia. At the culmination of plaintiff's hiring process with Loglogic, she accepted the offered sales position and signed defendant's offer of employment letter on November 21, 2004. The offer letter stated that as a condition of employment plaintiff agreed that:

> In the event of any dispute or claim relating to or arising out of our employment relationship, you and the Company agree that (i) any and all disputes between you and the Company shall be fully and finally resolved by binding arbitration, (ii) you are waiving any and all rights to a jury trial but all court remedies

will be available in arbitration, (iii) all disputes shall be resolved by a neutral arbitrator who shall issue a written opinion, (iv) the arbitration shall provide for adequate discovery, and (v) the Company shall pay all but the first $125.00 of the arbitration fees.

(Hornstein Decl., Exhibit A, pg. 3 of 4.)

On February 18, 2005, plaintiff signed and returned the employment contract to Loglogic. The contract contained an arbitration agreement titled, "*10. Arbitration and Equitable Relief.*" This detailed version reiterated the principles of the offer letter and stipulated that all employment related disputes would be subject to binding arbitration. Specifically, any claim arising from issues of age, race, or disability discrimination would defer to arbitration for resolution. The contract further specified arbitration for violations of the California Fair Employment and Housing Act and any claims of harassment, discrimination, or wrongful termination.

In addition, section "*10 D. Availability of Injunctive Relief*," delineated that "any party may also petition the court for injunctive relief where either party alleges or claims a violation of the employment, confidential information, invention assignment, agreement between me and the company or any other agreement regarding trade secrets, confidential information, nonsolicitation or labor code §2870." (Hornstein Decl., Exhibit B, pg. 4 of 9.)

## DISCUSSION

Upon reviewing the parties' arguments, the applicable case precedent, and all the evidence in the record, the Court finds that arbitration agreement in the Loglogic employment contract is unenforceable. Accordingly, this court will not compel arbitration against plaintiff in this matter. The arbitration agreement fails due to its inherent unconscionability and lack of fairness for the weaker party.

The employment agreement between the parties states California law will govern the terms of the contract. As a result, the Court strictly confines its analysis and ruling based upon California law. While the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, et seq. generally favors mandatory arbitration, it does not compel its use when reasons for contract revocation exist. Under the Act, enforcement should follow an arbitration agreement "save upon such grounds as exist at law or in equity for the revocation of any contract." (9 U.S.C. § 2.) California law restricts enforcement of contracts found to be procedurally and substantively unconscionable. See Ferguson v. Countrywide Credit Indus., Inc., 298 F.3d 778, 782 (9th Cir. 2002) (quoting Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687 (1996) in stating that "unconscionability may be applied to invalidate arbitration agreements without contravening §2 [of the FAA]"). Therefore, in following the procedures of the California Court, this court's ruling does not negatively implicate the FAA.

**1. Unconscionability**

As discussed in the seminal California case, Armendariz v. Foundation Health Psychcare Services, Inc., 24 Cal. 4th 83 (Cal. 2000), the doctrine of unconscionability governs the judicial enforcement of contracts. See id. at 113. The doctrine of unconscionability has a procedural and a substantive element. Both must be satisfied in order for a court to disqualify a contract. See id. at 114. The two elements need not be present in the same quantity. See id. For example, the greater the procedural unconscionability present in a contract, the less substantive unconscionability would be required and vice versa. See id.; Mercuro v. Superior Court, 96 Cal. App. 4th 167, 175 (Cal. Ct. App. 2002) (stating that these elements need not be present "in the same degree").

**a. Procedural Unconscionability**

The element of procedural unconscionability centers on the "oppressiveness of the stronger party's conduct" as usually demonstrated in an adhesion contract. Id. at 174. Commonly labeled as "take it or leave it" provisions, adhesion contracts are forms drafted and standardized by a stronger party only giving the weaker party a choice to adhere to the contract "as is" or reject it. See Armendariz 24 Cal. 4th at 113.

In the reply brief, [16] Loglogic concedes that the contract qualifies as procedurally unconscionable. Case law affirms this viewpoint. In Ingle v. Circuit City, 328 F.3d 1165 (9th Cir. 2003), the court held that the "adhere-or-reject" basis of the arbitration agreement made the contract procedurally unconscionable. See id. at 1173. See also Stirlen v. Supercuts, Inc., 60 Cal. Rptr. 2d 138, 146 (Cal. Ct. App. 1997) (finding that the procedural element of unconscionability is satisfied when terms of the employment contract are cast in a take it or leave it light as part of a non-negotiable provision). Here too, the contract written by defendant was an accept or reject offer. Defendant offered plaintiff no opportunity to opt out of the arbitration agreement. See Ingle 328 F.3d at 1172 (holding that the lack of an option to opt out of an arbitration agreement contributes to a finding of procedural unconscionability); Davis v. O'Melveny & Myers, 485 F.3d 1066 (9th Cir. 2007) (describing an opt out option as a method to avoid procedural unconscionability).

Defendant nevertheless claims that plaintiff's near three month delay in signing the employment contract indicates a lack of coercion or oppression on defendant's behalf. This sentiment runs contrary to both Ingle and Davis. Both opinions found that the negative effects of the take it or leave it provisions were not mitigated by an extended time-period for signing the

contract. "The amount of time Ingle had to consider the contract is irrelevant." Ingle 328 F.3d at 1172. (discussing the lack of relevance of a three day signing period if no meaningful opportunity to negotiate exists between the parties). Likewise, in Davis, the Ninth Circuit found that even a three-month period for signing the contract did not overcome the take it or leave it nature of the arbitration agreement. See Davis at 1074. For these reasons, the near three-month delay extended to plaintiff to sign the employment contract does not aid defendant's claims. Taken as a whole, these factors show the significant presence of procedural unconscionability within Loglogic's arbitration agreement.

### b. Substantive Unconscionability

Substantive unconscionability focuses on the "terms of the agreement and whether those terms are so one-sided as to shock the conscience." Ingle 328 F.3d at 1172. (quoting Kinney v. United Healthcare Servs., Inc., 70 Cal. App. 4th 1322, 1330 (Cal. Ct. App. 1999)). Also described as the basic fairness of the arbitration agreement, substantive unconscionability focuses on the possible remedies available to each party. See Mercuro v. Superior Court, 96 Cal. App. 4th 167, 175 (Cal. Ct. App. 2002). In Mercuro the court found that an arbitration agreement similar to the Loglogic contract:

> [C]ompels arbitration of the claims employees are most likely to bring against Countrywide. On the other hand, the agreement specifically excludes "claims for injunctive and/or other equitable relief for intellectual property violations, unfair competition and/or the use and/or unauthorized disclosure of trade secrets or confidential information..." Thus the agreement exempts from arbitration the claims Countrywide is most likely to bring against its employees.

Id. at 176.

Parallel to the findings in Armendariz and Mercuro, this court views the Loglogic contract as an oppressive provision that requires the employee to arbitrate their most common

claims while allowing litigation for the employer in their claims against employees. See Mercuro at 176 (discussing the one-sided provisions created in the Countrywide contract that compels arbitration for the weaker party but grants the option of litigation to the drafter); Ferguson v. Countrywide Credit Indus., Inc., 298 F.3d 778, 784-85 (9th Cir. 2002) (adopting the Mercuro court's substantive unconscionability position towards the same one-sided contract); and Armendariz v. Foundation Health Psychcare Services, Inc., 24 Cal. 4th 83, 119 (Cal. 2000) (explaining that unconscionability may manifest itself in the form of an agreement requiring arbitration "only for the claims of the weaker party but a choice of forums for the claims of the stronger party").

Despite defendant's claims that equal remedies exist for the parties, the contract weighs heavily in favor of Loglogic. The availability to injunctive relief for each party is not enough to make the provision conscionable or bilateral. Mercuro noted the disparity in explaining, "An employee terminated for stealing trade secrets, for example, must arbitrate his wrongful termination claim under the agreement, but Countrywide can avoid a corresponding obligation to arbitrate its trade secrets claim against the employee by the simple expedient of requesting injunctive or declaratory relief." Mercuro 96 Cal. App. 4th at 176. See also Armendariz 24 Cal. 4th 83 at 120 (discussing the lack of mutuality in a contract that compels one party, but not the other, to arbitrate all claims from the same transaction or occurrence).

The Loglogic employment agreement provides the same protective mechanisms for the employer as the Countrywide contract, but offers no similar remedy to employees. Under the contract, plaintiff would be forced to arbitrate claims based upon discrimination, harassment, fair employment or wrongful termination. Injunctive relief, however, is available for claims

associated with employment, confidential information, invention assignment, and trade secrets. This disparity in remedies between employer and employee make this agreement one-sided and unconscionable.

The "sliding scale" of the analysis allows for unequal amounts of procedural and substantive unconscionability to find a contract unenforceable. See id. at 114. The take it or leave it nature of the contract offered plaintiff no ability to negotiate or opt out of the arbitration agreement. The significant degree of oppression present in the contract validates plaintiff's claims of procedural unconscionability. Therefore, plaintiff is only required to make a minimal showing of substantive unconscionability in order to disqualify the contract. The Court finds the one-sided contract clearly lacks mutuality of recourse between the parties. The employee is relegated to arbitration for those claims they are most likely to make against the employer while the employer can utilize litigation for its most common claims. The arbitration provision lacks the basic fairness described in the concept of substantive unconscionability and will not be enforced.

**2. Arbitration Factors**

Defendant highlights numerous factors from Armendariz to support the arbitration agreement and to "avoid unconscionability." According to the factors set forth in Armendariz, the provision must: (1) provide for neutral arbitrators, (2) provide for minimal discovery, (3) require a written award, (4) provide for all types of relief that would otherwise be available in court, and (5) not require employees to pay unreasonable expenses associated with arbitration. See id. at 102. While the plaintiff's employment contract satisfies all the necessary factors above, it is not sufficient to compel arbitration or nullify the present unconscionability.

Furthermore, the Armendariz court does not employ the five factors to assess conscionability of the contract. Instead the court uses the factors as a consideration for the "basic principle of nonwaivability of statutory civil rights in the workplace..." Id. See also Pinedo v. Premium Tobacco Stores, Inc., 85 Cal. App. 4th 774, 778-79 (Cal. Ct. App. 2000) (utilizing similar factors to measure an agreement in relation to FEHA claims and recognizing a separate analysis for conscionability).

**3. Severabililty**

Defendant requests that if the Court finds the arbitration clause improper, it should sever the offensive provisions and let the rest of the arbitration agreement stand. As noted in Armendariz, if the agreement is found unconscionable, the Court may refuse to enforce the contract, sever the offending provisions, or limit the offending provisions to avoid unconscionability. See Armendariz 24 Cal. 4th 83 at 121-22 (citing California Civil Code §1670.5). The rule discourages the severability when the contract is permeated with unconscionability but leaves discretion when the offending provision is not central to the main purpose of the agreement. See Mercuro 96 Cal. App. 4th at 184-85. Here, defendant asks the court to retain the mandatory arbitration agreement but sever any offending portions. The improper portions include the adhere-or-reject nature of the arbitration agreement without the chance to opt out or negotiate and the inappropriate lack of mutuality of recourse provisions. These errors are so ingrained in the arbitration clause that separation is not possible. To do so would ignore the fundamental discrepancies noted by the Court in this agreement. Therefore, this Court will not sever the offending provisions.

## **CONCLUSION**

For the foregoing reasons, the Court concludes that defendant's motion to compel arbitration shall be denied.  Further, plaintiff's motion for leave to file a second amended complaint shall be granted.

A corresponding Order shall issue this date.


Signed by United States District Judge Royce C. Lamberth, December 5, 2007.