UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMY MALDONADO<br>5789 Ladues End Court<br>Fairfax, VA 22030<br><br>                    Plaintiff,<br><br>v.<br><br>LOGLOGIC, INC.<br>3061-B Zanker Road<br>San Jose, CA 95134<br><br>                    Defendant. | Case No. 1:07-cv-00066<br>(RCL) |

## DEFENDANT'S ANSWER TO THE SECOND AMENDED COMPLAINT

LOGLOGIC, INC. ("Defendant"), by its counsel, hereby responds to Plaintiff's amended complaint.

### PRELIMINARY STATEMENT

1.   Defendant denies the allegations in the second sentence of paragraph 1. The remaining allegations of Paragraph 1 state legal conclusions to which no response is required.

2.   The allegations of Paragraph 2 state legal conclusions to which no response is required.

### EXHAUSTION OF ADMINSTRATIVE REMEDIES

3.   Defendant denies the allegations of Paragraph 3 for lack of information and belief.

### JURISDICTION

4.   Paragraph 4 states a legal conclusion to which no response is required. To

the extent that a response is required, Defendant admits Paragraph 4.

5. Paragraph 5 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits Paragraph 5.

6. Paragraph 6 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits Paragraph 6.

## VENUE

7. Paragraph 7 states a legal conclusion to which no response is required.

## PARTIES

8. Defendant admits the allegations in the first sentence of paragraph 8, but is without sufficient information to admit or deny the remaining allegations of paragraph 8 concerning Plaintiff's previous sales experience.

9. Defendant admits the allegations in paragraph 9.

10. Defendant denies the allegations of paragraph 10 and objects to the extent that the allegations in paragraph 10 call for a legal conclusion, except that it admits that Alan Hahn served as Plaintiff's immediate supervisor while he served as Defendant's Vice President Worldwide Sales.

## FACTS

11. Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12. Defendant admits the allegations of the first sentence of paragraph 12. Plaintiff denies the allegations of the second sentence of paragraph 12. Defendant admits the allegations of the third sentence of paragraph 12.

13. Defendant admits that Plaintiff closed a contract with the United Postal

Service after 60 days on the job, but denies the remaining allegations in paragraph 13.

14. Defendant denies the allegations in the first two sentences of paragraph 14. Defendant admits the allegations in third sentence of paragraph 14 concerning the Defendant's time off policy during the last month of any quarter, but is without sufficient information to admit or deny the remaining allegations of paragraph 14 concerning Plaintiff's thought process. To the extent a response is required, Defendant denies the remaining allegations in paragraph 14.

15. Defendant admits Mr. Hahn issued a Performance Improvement Plan to Plaintiff dated October 5, 2005, which included a requirement that Plaintiff close $100,000 in business in the months of October, November, and December 2005. Defendant denies the remaining allegations in paragraph 15.

16. Defendant admits that Plaintiff sent an email to Mr. Hahn regarding the Performance Improvement Plan. The email speaks for itself. Defendant denies the remaining allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17.

18. Defendant admits the allegations in paragraph 18 to the extent that Plaintiff failed to make any sales toward her $100,000 October 2005 sales quota under the Performance Improvement Plan and that quota rolled forward to November 2005. Defendant denies the remaining allegations in paragraph 18.

19. Defendant admits that Mr. Hahn terminated Plaintiff's employment on November 4, 2005, but denies the remaining allegations in paragraph 19.

20. Defendant denies the allegations of paragraph 20.

21. Defendant denies the allegations in the first sentence of paragraph 21.

Defendant denies the allegations in the second sentence of paragraph 21 except to the extent that a male salesman sold business in Plaintiff's territory after her termination and earned commissions on sales made.

22.     Defendant admits that Fabricio Fermin assumed Plaintiff's duties after terminating her employment, but denies the remaining the allegations of the first sentence of paragraph 22. Defendant admits the allegations of the second and third sentences of paragraph 22. Defendant admits that Mr. Fermin had no previous sales experience, but denies the remaining allegations of the fourth sentence of paragraph 22. Defendant denies the allegations of the final sentence of paragraph 22.

23.     Defendant denies the allegations in paragraph 23.

24.     Defendant denies the allegations in the first four sentences of paragraph 24. Defendant admits the final sentence of paragraph 24.

## COUNT I
### Sex Discrimination in Violation of Title VII

25.     Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26.     Paragraph 26 states a legal conclusion to which no response is required.

27.     Defendant denies the allegations in paragraph 27.

28.     Defendant denies the allegations in paragraph 28.

29.     Defendant denies the allegations in paragraph 29.

30.     Defendant denies the allegations in paragraph 30.

## COUNT II
### D.C. Wage Claim for Unpaid Commissions

31. Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32. Defendant admits the allegations of paragraph 32.

33. Defendant admits the allegations of paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

37. Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

## COUNT III
### Breach of Contract

39. Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40. Defendant admits the allegations of paragraph 40.

41. Defendant admits the allegations of paragraph 41.

42. Paragraph 42 states a legal conclusion to which no response is required.

43. Defendant admits the allegations of the first sentence of paragraph 43. The second sentence of paragraph 43 states a legal conclusion to which no response is required, the documents speak for themselves.

44. Defendant denies the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

## COUNT IV
### Breach of the Covenant of Good Faith and Fair Dealing

46.  Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 458 of the Complaint as if fully set forth herein.

47.  Defendant denies the allegations in paragraph 47.

48.  Defendant denies the allegations in paragraph 48.

49.  Defendant denies the allegations in paragraph 49.

50.  Defendant denies the allegations in paragraph 50.

51.  Defendant denies the allegations in paragraph 51.

52.  Defendant denies the allegations in paragraph 52.

53.  Defendant denies the allegations in paragraph 53.

## RELIEF REQUESTED

WHEREFORE, Defendant denies any liability for the conduct alleged and denies Plaintiff is entitled to any relief demanded in her Complaint.

## AFFIRMATIVE DEFENSES

As affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the failure to timely exhaust administrative remedies.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations, estoppel, release, laches, set-off, or waiver.

### THIRD AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant has acted in good faith and has not

violated any rights which may be secured to Plaintiff under any federal, state, or local laws, rule, regulations or guidelines.

## FOURTH AFFIRMATIVE DEFENSE

Any and all actions taken by Defendant with respect to Plaintiff's employment or the terms and conditions thereof were based upon legitimate nondiscriminatory business reasons and were taken without regard to Plaintiff's sex.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or reduced by her failure to mitigate her alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendant's preventive or corrective opportunities or to avoid harm otherwise.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or any recovery of damages is precluded because Defendant complied with the terms of any applicable commission plan.

WHEREFORE, Defendant respectfully requests Plaintiff's claims be dismissed.

                                              Respectfully submitted,
                                              **JACKSON LEWIS LLP**

                                  By:    /s/_____
                                              Tyler A. Brown
                                              D.C. Bar No. 480693
                                              8614 Westwood Center Drive
                                              Suite 950
                                              Vienna, VA  22182
                                              (703) 821-2189
                                              Fax: (703) 821-2267

Date: December 19, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Defendant's Answer to Complaint* and *Certificate Rule LCvR 7.1* was sent by United States Mail, postage prepaid, on this 19th day of December, 2007, to:

>Micah Salb, Esq.
>Lippman, Semsker & Salb, LLC
>7700 Old Georgetown Road, Suite 500
>Bethesda, MD 20814

/s/
Tyler A. Brown