UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMY MALDONADO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-cv-00066 |
| | ) | (RCL) |
| LOGLOGIC, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PROTECTIVE ORDER**

FILED
MAR - 4 2008
Clerk, U.S. District and
Bankruptcy Courts

Pursuant to Federal Rule of Civil Procedure 26(c), Amy Maldonado and Loglogic, Inc., in order to facilitate the discovery process, to prevent competitive harm to the parties hereto or to any third parties from whom production is requested (hereinafter the "Producing Parties") arising from compliance with their duties in this case, and to protect the Producing Parties' and others confidential and/or proprietary information, stipulate to the entry by the Court of the following protective order:

1. This Protective Order shall govern the use and dissemination of all information, documents, or materials that are produced within this action styled *Amy Maldonado v. LogLogic, Inc.*, Case No. 1:07-cv-00066.

2. Any party to this action or other person who produces or supplies information, documents, or other materials used in this action may designate as "Confidential" any information, document, or material that it reasonably and in good faith believes (i) constitutes or contains trade secret information; (ii) constitutes or contains confidential research, development, or commercial information, or confidential personal information; or (iii) is otherwise protectable under applicable law, including but not limited to protectable financial and accounting records,

tax returns, contracts and commercial agreements containing nonpublic information, internal work product, customer lists, employee lists, stock certificates, stock agreements, correspondence relating to management and marketing decisions, board of directors' meeting minutes and resolutions, proprietary business information of third party corporations, and any other proprietary or confidential information produced in the course of this action. Failure to designate any information as Confidential pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection from the time of designation forward, so long as such claim is asserted within thirty (30) days of the discovery of the failure.

3. This protective order shall apply to and govern all documents and information designated as confidential whether or not such documents or information are informally produced or produced in response to formal discovery requests in this case.

4. In the event that any confidential material is included with or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with the Court, such confidential material shall be filed under seal in an envelope marked as "Confidential." Although an entire transcript containing confidential testimony shall be marked as "Confidential," only such testimony that has been designated as confidential shall be subject to the protections of this order.

5. No documents or information designated as confidential shall be filed with the Court without the appropriate safeguards. The Clerk of the Court shall be directed to maintain under seal any documents which have been filed under seal, to be made available only to the Court and counsel of record for the parties as herein provided. Except as noted in Paragraph 10

of this order, no portion of the documents marked confidential shall otherwise be released except upon Court Order for good cause shown or upon the written authorization of the parties.

6. Except as otherwise directed by this Court, the documents and information designated as confidential shall be revealed only to (1) counsel of record for the parties in this action (including employees of such counsel); (2) in-house counsel for the Defendants named in this action; (3) the parties, including any corporate representative of the corporate Defendant; (4) the Court and Court personnel, including secretaries, clerks, and court reporters for any purpose the Court finds necessary; (5) expert witnesses and/or consultants who agree to comply with and be bound by the requirements of this order; and (6) other witnesses and potential witnesses whom a Party reasonably believes have a need to know the information and who agree to comply with and be bound by the requirements of the order.

7. With the exception of persons identified in subparts (1), (2), and (4) of paragraph 6, no person entitled to access to protected documents or information under this order shall be provided with the protected documents or information unless such individuals have read the order of this Court and completed and signed the Confidentiality Acknowledgment hereto attached as Exhibit A. No personnel entitled to access protected documents or information shall discuss the contents of any such materials with any other individual, except those individuals who are also permitted to view, inspect and examine the materials protected herein. If any person has been granted access to documents of a party produced prior to the date of this Order, counsel for the receiving party shall exercise best efforts to secure a signed Confidentiality Acknowledgment from such individual, and the Order shall apply thereafter. If such individual

refuses or fails to sign, counsel may not grant further access to the individual to any Confidential materials subject to this Order.

8. Each person who reviews or inspects confidential documents or materials subject to this order shall be brought within the personal jurisdiction of this Court, including its contempt power by, where required, signing a copy of the attached Confidentiality Acknowledgment signifying agreement to the provisions of this order and consenting to the jurisdiction of this Court over his or her person for any proceedings involving alleged improper disclosure of said protected documents or materials.

9. Counsel for all parties to this action shall maintain a list of the names of all persons, including all persons expected to testify at trial, who inspect or review confidential documents produced by the Defendant or who receive any copies of such confidential documents pursuant to this order and shall make that list available, if requested, to counsel at the conclusion of this litigation.

10. The documents and information produced to either party hereto or others pursuant to the terms of this order shall be used for the limited purpose of prosecuting, analyzing, and/or rebutting the claims of the parties in this litigation and shall not be used for any other purposes.

11. Within sixty (60) days after the conclusion of all aspects of this action, including any appeals, documents marked confidential in accordance with this order and all copies hereof shall be returned to the respective counsel or otherwise disposed of as such counsel specifies in writing, at the expense of the disclosing party, except that, counsel for each party may maintain one file copy of all materials produced in this proceeding and shall be bound by the non-disclosure provisions contained herein with respect to such materials.

12. Following termination of this litigation, the provisions of this order relating to the confidentiality of protected documents and information shall continue to be binding, except with respect to documents and information which are no longer confidential. This Court retains jurisdiction over all persons provided access to confidential materials or information for enforcement of the provisions of this order following termination of this action and the final conclusion of this action.

13. Neither this order nor the designation of any items as confidential shall be construed as an admission that such material, or any testimony in respect to such material in deposition or otherwise, would be admissible in evidence in this litigation or in any other proceeding. In addition, this protective order does not, of itself, require the production of any information or documents.

14. Nothing in this order shall be deemed to preclude a party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information. Nor shall any provisions of this order be deemed to preclude any party from challenging the validity of the confidentiality of any materials so designated. Within five (5) days of the receipt of such notice, the producing party will either voluntarily remove the confidential designation or inform the challenging party that it will not remove the confidential designation. If the matter is not resolved thereafter, then the producing party shall contact this Court in order to resolve any questions regarding the proper application of a claim of confidentiality applicable to documents subject to this order. All documents, testimony, or other matters designated as confidential, however, shall retain their confidential status until such time

as the parties' contentions regarding the confidentiality of documents so designated are fully and finally adjudicated, including such appeal(s), as either party may desire.

15.    Any intentional violation by any person of any provision of this protective order shall be punishable as contempt of Court. Further, either party hereto may pursue any and all civil remedies available to him or it for breach of the terms of this order.

DATE:                    ENTERED:

3/4/08                _/s/ Royce C. Lamberth_____
                              District Court Judge

WE ASK FOR THIS:

LIPPMAN, SEMSKER & SALB, LLC

By:   /s/ Gwenlynn Whittle D'Souza                       Date:   February 26, 2008
        S. Micah Salb (D.C. Bar 453197)
        Gwenlynn Whittle D'Souza (D.C. Bar 453849)
        7979 Old Georgetown Road, Suite 1100
        Bethesda, MD 20814
        (301) 656-6905
        Counsel for Plaintiff Amy Maldonado

JACKSON LEWIS LLP

By:   /s/ Tyler A. Brown                                     Date:   February 26, 2008
        Tyler A. Brown (D.C. Bar 480693)
        8614 Westwood Center Drive, Suite 950
        Vienna, VA 22182
        (703) 821-2189
        Counsel for Defendant LogLogic, Inc.

**EXHIBIT A**

**CONFIDENTIALITY ACKNOWLEDGMENT**

I, _____, being duly sworn on oath, state the following:

1. I have read and understand the Protective Order to which this Exhibit A is annexed and I attest to my understanding that access to information designated Confidential may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order. I acknowledge that I am only entitled to review the information I am provided and not to obtain or keep a copy of my own. I agree to promptly return any document or information provided to me for review. I hereby submit to the jurisdiction of the United States District Court for the District of Columbia, and to the application of District of Columbia law, for the purpose of enforcement of this Confidentiality Acknowledgment and the Protective Order.

2. I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential information. If I fail to abide by the terms of this Confidentiality Acknowledgment or the Protective Order, I understand that I may be subject to contempt of court, applicable sanctions, and/or an action at law.

Dated:

_____

_____
Signature

_____
Printed Name

7

                                                                                              _____

                                                                                              Address

                                                                                              _____

                                                                                              Individual or Entity Represented

Subscribed and sworn to before me this _____ day of _____, 2008. Witness my hand and official seal.

                                                                                              _____

                                                                                              Notary Public

My Commission Expires: _____